XUE YING CHEN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 04–6038–AG.

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Kathleen M. Salyer, Assistant United States Attorney, Miami, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Ying Chen, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found that Chen's testimony was not credible because his testimony on redirect that his wife had been forced to have an intra-uterine device ("IUD") inserted was not supported by Chen's asylum application, subsequent affidavit, or testimony on direct examination, nor was it supported by his wife's statement. Furthermore, the IJ also determined that Chen lacked credibility because: (1) Chen was unable to explain how family planning officials discovered his third son's birth; (2) Chen failed to mention the 500 yuan fine described in his asylum application and wife's statement during his testimony on direct examination; and (3) Chen's testimony that family planning officials came to his home and removed his door and furniture was not supported by his asylum application or his affidavit. Because these circumstances bear a legitimate nexus to Chen's claim of persecution, his lack of credibility is supported by substantial evidence. *See Majidi v. Gonzales,* 430 F.3d 77, 79–81 (2d Cir.2005).

Furthermore, the IJ properly denied Chen's claim for withholding of removal because he failed to meet the higher threshold for eligibility for asylum. *See Zhang,* 386 F.3d at 71.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).